JOHN R. ALTIERI
Attorney at Law
25 East Salem Street                    **Document Electronically Filed**
P.O. Box 279
Hackensack, NJ  07602-0279
(201) 343-6525
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY
------------------------------

RICHARD J. HIGGINS,                CIVIL ACTION NO.:

                Plaintiff,

        vs.

ROUTE 17 AUTOMOTIVE, LLC           **COMPLAINT AND**
a/k/a ROUTE 17 AUTO, LLC,          **JURY DEMAND**
PRESTIGE MOTORS, INC.,
PRESTIGE MANAGEMENT SERVICES,
INC., INFANTE ASSOCIATES, INC.
UNITED RENTALS (NORTH AMERICA)
INC., a/k/a UNITED RENTALS,
INC. and STATE LINE
CONSTRUCTION COMPANY, II,
LLC a/k/a STATE LINE
CONSTRUCTION COMPANY,

                Defendants.
------------------------------

        Plaintiff, RICHARD J. HIGGINS, by way of Complaint

against defendants, ROUTE 17 AUTOMOTIVE, LLC a/k/a ROUTE 17 AUTO,

LLC, PRESTIGE MOTORS, INC., PRESTIGE MANAGEMENT SERVICES, INC.,

INFANTE ASSOCIATES, INC., UNITED RENTALS (NORTH AMERICA) INC.,

a/k/a UNITED RENTALS, INC. and STATE LINE CONSTRUCTION COMPANY,

II, LLC a/k/a STATE LINE CONSTRUCTION COMPANY, states as follows:

## THE PARTIES

1.     Plaintiff, RICHARD J. HIGGINS, is a citizen of the State of new York, residing at 24 Decker Drive, Washingtonville, New York.

2.     ROUTE 17 AUTOMOTIVE, LLC a/k/a ROUTE 17 AUTO, LLC, ("ROUTE 17") is a Limited Liability Company organized and existing under the laws of the State of New Jersey having its principal place of business within the State of New Jersey and is, therefore, a citizen of New Jersey: All of ROUTE 17's members are citizens of the States of New Jersey and Connecticut.

3.     PRESTIGE     MOTORS,     INC.   ("PRESTIGE")     is     a corporation organized and existing under the laws of the State of New Jersey having its principal place of business at 400 Sette Drive, Paramus, New Jersey and is, therefore, a citizen of New Jersey.

4.     PRESTIGE     MANAGEMENT     SERVICES,     INC.   ("PRESTIGE MANAGEMENT") is a corporation organized and existing under the laws of the State of New Jersey having its principal place of business  at  400  Sette  Drive,  Paramus,  New  Jersey  and  is, therefore, a citizen of New Jersey.

5.     INFANTE     ASSOCIATES,     INC.   ("INFANTE")     is     a corporation organized and existing under the laws of the State of New Jersey having its principal place of business at 9 Robinson Lane, Ridgewood, New Jersey and is, therefore, a citizen of New Jersey.

2

6.    UNITED RENTALS (NORTH AMERICA) INC., a/k/a UNITED RENTALS, INC. ("UNITED RENTALS") is a corporation organized and existing under the laws of the State of Delaware having its principal place of at 5 Greenwich Office Park, Greenwich, Connecticut and is, therefore, a citizen of Delaware and Connecticut.

7.    STATE LINE CONSTRUCTION COMPANY, II, LLC a/k/a STATE LINE CONSTRUCTION COMPANY ("STATE LINE") is a Limited Liability Company organized and existing under the laws of the State of New Jersey having its principal place of business at 225 Parkhurst Street, Newark, New Jersey and is, therefore, a citizen of New Jersey: All of STATE LINE's members are citizens of the State of New Jersey.

### JURISDICTION AND VENUE

8.    The Court has subject matter jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship of the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because plaintiff's claim arose in this District.

### FACTS COMMON TO EACH CLAIM

3

10.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 9, inclusive, as if fully set forth herein.

11.    On October 28, 2010, plaintiff RICHARD J. HIGGINS, whose date of birth is November 7, 1986, was acting as an apprentice electrician in the employment of Modern Electric Company, 71 Crooks Ave., Clifton, New Jersey.

12.    Plaintiff was involved and employed in the construction of a new building located at 755 State Highway Route 17 South in Paramus, New Jersey.

13.    The building was, at all pertinent times, owned and operated by the defendants, ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT.

14.    The construction of the building would eventually result in the completion of the building to be owned, possessed, used and operated by defendants ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT as a Mercedes Benz automobile dealership providing automobile sales and service.

15.    Defendant INFANTE, at all pertinent times, was acting as the general contractor and, otherwise as the overseer of the construction at 755 Route 17 South, Paramus, New Jersey, through its agents, employees, representatives and servants and was present at the site with responsibilities generally associated with general contractors, including responsibilities of direction of the work, supervision of the work including

4

effectuating and policing all safety concerns for the benefit of those in and about the worksite including invitees, contractors and plaintiff RICHARD J. HIGGINS.

16. At all pertinent times, UNITED RENTALS, is a national company which supplies equipment for use in many businesses, including construction, including the equipment provided by UNITED RENTALS to the subject work site which included a scissorlift, known as a Genie GS-1930, and a forklift, known as a Lull 844C-42, manufactured by Lull International, Inc.

17. In addition to providing equipment for use at the subject construction site, for certain periods of time, and at the time of the plaintiff's injuries on October 28, 2010, defendant UNITED RENTALS provided its employees, agents, servants or authorized representatives to the site who were dispatched to the site by UNITED RENTALS from its location at 222 Bergen Turnpike, Ridgefield Park, New Jersey.

18. Defendant STATE LINE, at all pertinent times, was acting as a contractor involved in the excavation, grading, concrete paving and installation of floors and walls and was otherwise involved in the construction at 755 Route 17 South, Paramus, New Jersey, through its agents, employees, representatives and servants and was present at the site with responsibilities generally associated with such excavation and concrete contractors, including responsibilities of direction of the work, supervision of the work including effectuating and

5

policing all safety concerns for the benefit of those in and about the worksite including invitees, contractors and plaintiff RICHARD J. HIGGINS.

19. Plaintiff, RICHARD J. HIGGINS, together with other electricians who were, at all pertinent times employed by plaintiff's employer, Modern Electric Company, were working at the site at a stage of the ongoing construction, when the foundation, framing and site work of the large commercial structure was partially completed. The structure consisted of two levels at the time of the subject occurrence.

20. During construction, it became necessary for work to be done by the Modern Electric Company electricians on the second level of the construction project.

21. At the time of the occurrence, approximately 1:30 during the afternoon of October 28, 2010, the plaintiff was working on the second level of the project.

22. At that time, members of the construction team were attempting to raise a Genie GS-1930 scissorlift to the second level of the construction site; the scissorlift was being lifted from the ground level of the construction site by use of a "Lull" 844C-42 forklift.

23. During this process, the scissorlift fell off of the Lull forklift and toppled onto the second level as the rear wheels of the Lull forklift were raised off the ground and the scissorlift fell from the front fork of the Lull forklift.

24.   The scissorlift toppled and rolled on the second level of the construction site and violently impacted plaintiff's body, severely injuring various parts of plaintiff's body including, but not limited to, his lower left leg.

25.   Plaintiff was pinned by the scissorlift on the second level of the construction site.

26.   Plaintiff was extricated by Paramus Ambulance Corps, Paramus Fire Department and Paramus Police Department personnel from this precarious situation and was removed to the ground level by use of a skyjack lift.

27.   Plaintiff was immediately transported by ambulance to The Valley Hospital in Ridgewood, New Jersey.  Plaintiff was admitted to the hospital as an in-patient and had numerous procedures in an attempt to repair his serious personal injuries.

28.   As a result of the subject occurrence, plaintiff suffered severe and permanent injuries including shock, pain and suffering and plaintiff has been repeatedly hospitalized and has suffered through numerous surgical procedures.

29.   Plaintiff remains seriously and permanently injured and remains disabled and has not been able to attend to employment or physical activities from the date of the occurrence to the present time of filing of this Complaint.

30.   As a result of the foregoing occurrence, the plaintiff has incurred loss of wages, loss of enjoyment of life and incurred other expenses including, but not limited to,

7

substantial medical expenses and plaintiff's claim exceeds the jurisdictional threshold level of this Court.

**FIRST CLAIM**

31. Plaintiff repeats and realleges paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. Defendants ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT were, at all pertinent times, the owners, operators and possessors of the premises located at 755 Route 17 South, Paramus, New Jersey.

33. As such, said defendants were charged with responsibility to inspect, maintain, configure, manage, own and control the subject premises and to provide a safe place to work for plaintiff and others involved in the construction of the premises.

34. The duties as aforesaid placed upon the defendants by statute, regulation, rule, ordinance and by common-law are non-delegable duties and pertain to plaintiff's claims stated hereinafter.

35. Despite the duties of the aforesaid defendants, they were careless, reckless and negligent and failed to keep the premises safe for use of business invitees such as the plaintiff.

36. The defendants' ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT undertaking involved overseeing the project and providing a safe place for work for all workers, including plaintiff.

8

37. At all pertinent times herein, plaintiff was a business invitee.

38. The defendants ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT owed to plaintiff and to others a duty to instruct, advise, organize the construction project including interaction among the general contractor and sub-contractors, including, but not limited to, the plaintiff's employer, Modern Electric Company.

39. Defendants ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT further had the duty to provide a safe place to undertake the construction project and to allow and facilitate the safe performance of the on-going work of the construction including the work of the plaintiff and of the electricians.

40. Defendants ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT had the duty, among other duties, to provide instructions and equipment to permit the plaintiff and other invitees and workers to perform their work in a safe environment and manner.

41. Defendants ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT had a duty, pursuant to contracts, statutes, regulations and law to provide a safe place to work and coordinate the construction activities, including providing reliable and safe equipment and a reliable and safe environment and instructions so that the work could be completed in a safe manner.

42. Defendants ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT additionally had duties to provide adequate staffing, implementation of proper training programs, properly trained, instructed and evaluated personnel, including personnel licensed and certified to operate construction equipment and powered industrial trucks, including the Genie scissorlift and the Lull forklift referred to hereinabove.

43. Defendants ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT were required by statutes, regulations, codes and industry standards to provide proper equipment and operators for all foreseeable uses at the construction site and to warn and advise the supervisors and/or persons who would foreseeably come in contact or use the equipment of all appropriate and anticipated uses.

44. Further, the defendants ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT had a duty to warn and instruct concerning the use of powered industrial trucks at the construction site.

45. Defendants ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT and their agents, employees, servants or authorized representatives participated in the dangerous, negligent and careless use of the equipment as described hereinabove and such negligence, omissions including proper instructions and warnings, with respect to the safe use of the equipment, were a cause and occurrence to plaintiff's injuries.

10

46. As a result of the negligence of said defendants, plaintiff was severely and permanently injured as aforesaid and was caused to seek medical care and is, otherwise, unable to continue his regular activities and remains disabled to the present time and additional medical expenses incurred are well in excess if the jurisdictional threshold level of this Court.

## SECOND CLAIM

47. Plaintiff repeats and realleges paragraphs 1 through 46, inclusive, as if fully set forth herein.

48. At all pertinent times, defendant INFANTE was acting as general contractor/construction manager and/or overseer of the construction project at 755 Route 17 South, Paramus, New Jersey.

49. The defendant INFANTE's undertaking involved overseeing the project and providing a safe place for work for all workers, including plaintiff.

50. At all pertinent times herein, plaintiff was a business invitee.

51. The defendant INFANTE owed to plaintiff and to others a duty to instruct, advise, organize the construction project including interaction with the contractors and sub-contractors including, but not limited to, the plaintiff's employer, Modern Electric Company.

52. Defendant INFANTE further had the duty to provide a safe place to undertake the construction project and to allow

and facilitate the safe performance of the on-going work of the construction including the work of the plaintiff and of the electricians.

53. Defendant INFANTE had the duty, among other duties, to provide instructions and equipment to permit the plaintiff and other invitees and workers to perform their work in a safe environment and manner.

54. Defendant INFANTE had a duty, pursuant to contracts, statutes, regulations and law to provide a safe place to work and coordinate the construction activities, including providing reliable and safe equipment and a reliable and safe environment and instructions so that the work could be completed in a safe manner.

55. Defendant INFANTE additionally had duties to provide adequate staffing, implementation of proper training programs, properly trained, instructed and evaluated personnel, including personnel licensed and certified to operate construction equipment and powered industrial trucks, including the Genie scissorlift and the Lull forklift referred to hereinabove.

56. Defendant INFANTE was required by statutes, regulations, codes and industry standards to provide proper equipment and operators for all foreseeable uses at the construction site and to warn and advise the supervisors and/or

12

persons who would foreseeably come in contact or use the equipment of all appropriate and anticipated uses.

57.   Further, the defendant INFANTE had a duty to warn and instruct concerning the use of powered industrial trucks at the construction site.

58.   Defendant INFANTE and its agents, employees, servants or authorized representatives participated in the dangerous, negligent and careless use of the equipment as described hereinabove and such negligence, omissions including proper instructions and warnings, with respect to the safe use of the equipment, were a cause and occurrence to plaintiff's injuries.

59.   Despite these and other duties undertaken and to be performed by INFANTE and its agents, servants and authorized representatives, INFANTE was careless, reckless and negligent in failing to provide and maintain a premises safe for use of invitees and workers such as the plaintiff.

60.   As a result of the subject occurrence, plaintiff suffered severe and permanent injuries including shock, pain and suffering and plaintiff has been repeatedly hospitalized and has suffered through numerous surgical procedures.

61.   Plaintiff remains seriously and permanently injured and remains disabled and has not been able to attend to employment or physical activities from the date of the occurrence to the present time of filing of this Complaint.

62. As a result of the foregoing occurrence, the plaintiff has incurred loss of wages, loss of enjoyment of life and incurred other expenses including, but not limited to, substantial medical expenses and plaintiff's claim exceeds the jurisdictional threshold level of this Court.

## THIRD CLAIM

63. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 62, inclusive, as if fully set forth herein.

64. Defendant UNITED RENTALS was, at all times, pertinent to the plaintiff's subject occurrence in the business of supplying construction and other equipment.

65. At all pertinent times, the defendant UNITED RENTALS had a yard and/or outlet located at 222 Bergen Turnpike, Ridgefield Park, New Jersey.

66. During the construction referred to hereinabove in this Complaint, at 755 Route 17 South, Paramus, New Jersey, the defendant UNITED RENTALS provided certain equipment including, but not limited to, Genie GS-1930 scissorlift equipment and "Lull" 844C-42 forklift equipment manufactured by Lull International, Inc.

67. At the time of the subject occurrence, this equipment was in use at the premises of the defendants ROUTE 17, PRESTIGE and PRESTIGE MANAGEMENT. The equipment was provided to said defendants, or to defendants INFANTE and STATE LINE, or to

14

other entities involved in or participating in the subject construction project for use during the construction by defendant UNITED RENTALS.

68.    Defendant UNITED RENTALS additionally had duties to provide adequate staffing, implementation of proper training programs, properly trained, instructed and evaluated personnel, including personnel licensed and certified to operate construction equipment and powered industrial trucks, including the Genie scissorlift and the Lull forklift referred to hereinabove.

69.    Defendant UNITED RENTALS was required by statutes, regulations, codes and industry standards to provide proper equipment and operators for all foreseeable uses at the construction site and to warn and advise the supervisors and/or persons who would foreseeably come into contact or use the equipment of all appropriate and anticipated uses.

70.    Defendant UNITED RENTALS had a duty to warn, train and instruct concerning the use of such equipment at the construction site.

71.    Defendant UNITED RENTALS, at the time of plaintiff's occurrence, had provided agents, servants, employees and/or authorized representatives who were at the site at the time of the plaintiff's accident and were actively, directly or indirectly, involved in the use of the equipment.

15

72. Defendant UNITED RENTALS is responsible for the acts, omissions and conduct of its agents, servants, employees and/or authorized representatives pursuant to the doctrine of *respondeat superior.*

73. Defendant UNITED RENTALS and its agents, employees, servants or authorized representatives of the defendant UNITED RENTALS, participated in the dangerous, negligent and careless use of the equipment as described hereinabove, and such negligence and omissions, including lack of proper instructions, training and warnings, with respect to the safe use of the equipment were a cause of the occurrence.

74. Despite the duties of the defendant, UNITED RENTALS was careless, reckless and negligent. Defendant's actions, inactions and wrongful conduct were a cause of plaintiff's injuries. As a result of the negligence of defendant UNITED RENTALS, plaintiff was severely and permanently injured.

75. As a result of the subject occurrence, plaintiff suffered severe and permanent injuries including shock, pain and suffering and plaintiff has been repeatedly hospitalized and has suffered through numerous surgical procedures.

76. Plaintiff remains seriously and permanently injured and remains disabled and has not been able to attend to employment or physical activities from the date of the occurrence to the present time of filing of this Complaint.

16

77. As a result of the foregoing occurrence, the plaintiff has incurred loss of wages, loss of enjoyment of life and incurred other expenses including, but not limited to, substantial medical expenses and plaintiff's claim exceeds the jurisdictional threshold level of this Court.

## FOURTH CLAIM

78.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 77, inclusive, as if fully set forth herein.

79.    At all pertinent times, defendant STATE LINE was acting as a contractor involved in the excavation, grading, concrete pouring and installation of floors and walls at the construction project at 755 Route 17 South, Paramus, New Jersey.

80.    The defendant STATE LINE's undertaking involved overseeing the project to the extent of its work and the foreseeable consequences of its work, and providing a safe place for work for all workers, including plaintiff.

81.    At all pertinent times herein, plaintiff was a business invitee.

82.    The defendant STATE LINE owed to plaintiff and to others a duty to instruct, advise, organize its portion of the construction project including interaction with the contractors and sub-contractors including, but not limited to, the plaintiff's employer, Modern Electric Company.

83.    Defendant STATE LINE further had the duty to provide a safe place to undertake the construction project and to allow and facilitate the safe performance of the on-going work of the construction including the work of the plaintiff and of the electricians, such as, but not limited to, safe site conditions so that other contractors could perform their work safely without

18

encountering hazardous conditions, such as dirt mounds and open and unprotected excavation areas.

84. Defendant STATE LINE had the duty, among other duties, to provide instructions and equipment to permit the plaintiff and other invitees and workers to perform their work in a safe environment and manner and to refrain from allowing other trades, including the electricians, from using defendant STATE LINE's equipment in an unauthorized or unsafe manner and by negligently entrusting such equipment to operators who did not possess proper training or certificates.

85. Defendant STATE LINE had a duty, pursuant to contracts, statutes, regulations and law to provide a safe place to work and coordinate the construction activities, including providing reliable and safe equipment and a reliable and safe environment and instructions so that the work could be completed in a safe manner.

86. Defendant STATE LINE additionally had duties to provide adequate staffing, implementation of proper training programs, properly trained, instructed and evaluated personnel, including personnel licensed and certified to operate construction equipment and powered industrial trucks, including the Genie scissorlift and the Lull forklift referred to hereinabove.

87. Despite these and other duties undertaken and to be performed by STATE LINE and its agents, servants and

19

authorized representatives, STATE LINE was careless, reckless and negligent in failing to provide and maintain a premises safe for use of invitees and workers such as the plaintiff.

88. As a result of the subject occurrence, plaintiff suffered severe and permanent injuries including shock, pain and suffering and plaintiff has been repeatedly hospitalized and has suffered through numerous surgical procedures.

89. Plaintiff remains seriously and permanently injured and remains disabled and has not been able to attend to employment or physical activities from the date of the occurrence to the present time of filing of this Complaint.

90. As a result of the foregoing occurrence, the plaintiff has incurred loss of wages, loss of enjoyment of life and incurred other expenses including, but not limited to, substantial medical expenses and plaintiff's claim exceeds the jurisdictional threshold level of this Court.

## FIFTH CLAIM

91. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 90, inclusive, as if fully set forth herein.

92. Plaintiff claims punitive damages against defendants ROUTE 17, PRESTIGE, PRESTIGE MANAGEMENT, INFANTE, UNITED RENTALS and STATE LINE based upon the allegations set forth in this Complaint.

20

93.   The harm plaintiff suffered was the result of the defendants' acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.

94.   There was a likelihood, at the relevant time, that serious harm would arise from the defendants' conduct.

95.   The defendants were aware of reckless disregard of the likelihood that the serious harm at issue would arise from the defendants' conduct.

96.   Defendants acted with wanton and willful disregard of plaintiff's safety by deliberate acts or omissions with knowledge of a high degree of probability of harm to plaintiff and reckless indifference to the consequences of such acts or omissions.

97.   Based upon the foregoing, plaintiff is entitled to and demands judgment for punitive damages from each defendant.

WHEREFORE, plaintiff RICHARD J. HIGGINS, demands Judgment against the defendants, ROUTE 17 AUTOMOTIVE, LLC a/k/a ROUTE 17 AUTO, LLC, PRESTIGE MOTORS, INC., PRESTIGE MANAGEMENT SERVICES, INC., INFANTE ASSOCIATES, INC., UNITED RENTALS (NORTH AMERICA) INC., a/k/a UNITED RENTALS, INC. and STATE LINE CONSTRUCTION COMPANY, II, LLC a/k/a STATE LINE CONSTRUCTION COMPANY, jointly and severally, for compensatory and punitive damages, interest, cost of suit and attorneys' fees.

### DEMAND FOR JURY

Plaintiff hereby demands a trial by jury.

### CERTIFICATION PURSUANT TO L.CIV.R.11.2

I certify that the matter in controversy is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceeding; except, it is anticipated that a formal workers' compensation claim will be filed.

DATED: October 24, 2011          /s/ John R. Altieri
                                 JOHN R. ALTIERI
                                 Attorney for Plaintiff

22