NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD J. HIGGINS,<br><br>  *Plaintiff*,<br><br>v.<br><br>ROUTE 17 AUTOMOTIVE, LLC a/k/a ROUTE 17 AUTO, LLC, PRESTIGE MOTORS, INC., PRESTIGE MANAGEMENT SERVICES, INC., INFANTE ASSOCIATES, INC., UNITED RENTALS (NORTH AMERICA) INC., a/k/a UNITED RENTALS, INC., STATE LINE CONSTRUCTION COMPANY, II, LLC a/k/a STATE LINE CONSTRUCTION COMPANY, TRICO EQUIPMENT SERVICES, LLC,TRICO EQUIPMENT, INC., and VA SPATZ & SONS CONSTRUCTION, INC.*,*<br><br>  *Defendants*<br><br>  and<br><br>INFANTE ASSOCIATES, INC.,<br><br>  *Third-Party Plaintiff,*<br><br>v.<br><br>MODERN ELECTRIC COMPANY, INC., and SELECTIVE INSURANCE COMPANY OF AMERICA,<br><br>  *Third-Party Defendants.* | Civ. Action No. 11-6240 (KSH)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

  This matter comes before the Court on the motion of defendants Prestige Motors, Inc., and Prestige Management Services, Inc. (collectively "Prestige") and Route 17 Automotive, LLC

1

a/k/a Route 17 Auto, LLC ("Route 17 Auto") to dismiss plaintiff's claim for punitive damages. For the reasons set forth below, the Court will grant the motion.

**I. Factual Background**

*A. Pertinent Facts*

Plaintiff, an apprentice electrician, was working on the construction of a new building located at 755 State Highway Route 17 South in Paramus, New Jersey. (2nd Amend. Compl. ¶¶ 14–15.) Prestige and Route 17 Auto own the building, which would eventually be used as a Mercedes Benz dealership. (*Id.* ¶¶ 15–17.) During construction, it became necessary for electrical work to be completed on the second level of the partially completed structure. (*Id.* ¶¶ 25–26.) On October 28, 2010, plaintiff was working on the second level of the building as the construction team attempted to lift a Genie GS-1930 scissorlift to the second level. (*Id.* ¶¶ 27–28.) To raise the scissorlift, the construction team placed it on a "lull" forklift. (*Id.* ¶ 28.) As it was raised, the scissorlift fell off the front fork of the lull forklift, toppled onto the second level of the building, and landed on plaintiff. (*Id.* ¶¶ 29–30.) Plaintiff was pinned under the scissorlift and had to be extricated by the Paramus Fire and Police Department by use of a skyjack lift. (*Id.* ¶¶ 31–32.) Plaintiff suffered severe injuries as a result of the incident. (*Id.* ¶¶ 32–33.) He has been repeatedly hospitalized, has undergone numerous surgical procedures, and has been unable to work or engage in physical activity. (*Id.*)

*B. Procedural History*

Plaintiff filed suit against Prestige and Route 17 Auto, the property owners, as well as the general contractor, subcontractors, and equipment suppliers, alleging that the defendants' negligence and recklessness resulted in his injuries. Plaintiff's first complaint was filed October 24, 2011. [D.E. 1.] Prestige responded by filing a motion to dismiss the Fifth Claim in the

complaint which sought punitive damages. [D.E. 23.] Shortly thereafter, counsel for Prestige notified the Court that he was also representing Route 17 Auto, and plaintiff consented to Route 17 Auto joining in Prestige's motion to dismiss. [D.E. 32.] On March 6, 2012, plaintiff filed a first amended complaint adding an additional equipment supplier defendant. [D.E. 37, 1st Amend. Compl.] On April 18, 2012, plaintiff filed a second amended complaint adding an additional subcontractor. [D.E. 60, 2nd Amend. Compl.] No new facts pertinent to this motion were added in either amended complaint. The addition of the two defendants merely resulted in the punitive damages claim, which was the fifth and final claim in the original complaint, becoming the seventh and final claim in the second amended complaint. Because no additional facts have been alleged, the Court will consider the pending motion to dismiss as a motion to dismiss the seventh claim of the second amended complaint.

## II. Jurisdiction

The Court hears this case pursuant to its diversity jurisdiction, 28 U.S.C. § 1332, and must apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). The parties agree this dispute is governed by New Jersey law.

## III. Standard of Review

Pursuant to Fed. R. Civ. P. 8(a)(2) "[a] pleading that states a claim for relief . . . must contain a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading must "set out sufficient factual matter to show that the claim is facially plausible" so that a court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations

omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Plaintiff need not meet any particular "probability requirement" but must show that there is "more than a sheer possibility that defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

The Third Circuit instructs that when presented with a motion to dismiss, courts should engage in a two-part analysis. *Fowler*, 578 F.3d at 210. First, the court must separate the factual and legal elements of each claim. *Id.* It "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210–11 (citing *Iqbal*, 556 U.S. at 677–78). Second, the court must determine whether the facts alleged are "sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 678). The plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In other words, for the plaintiff to prevail, the "complaint must do more than allege the plaintiff's entitlement to relief"; it must "'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211(citing *Phillips*, 515 F.3d at 234–35).

**IV.    Analysis**

Defendants seek to dismiss only plaintiff's request for punitive damages. Under New Jersey law, an "award of punitive damages must be specifically prayed for in the complaint." N.J.S.A. 2A:15-5.11. "Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence." N.J.S.A. 2:A:15-5.12. The statute defines "actual malice" as an "evil minded act." N.J.S.A. 2:A:15-5.10. "Wanton and willful disregard" is defined as "a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." *Id.*

Plaintiff has alleged that Prestige and Route 17 Auto ,as the property owners, had a duty to (1) provide a safe place to work, (2) oversee and facilitate the safe performance of ongoing construction work, (3) provide instructions and equipment to permit plaintiff and others to perform their work safely, and (4) comply with contracts, statutes, and regulations to ensure the reliability and safety of the construction equipment and the construction environment. (2nd Amend. Compl. ¶¶ 38–51.) Plaintiff has alleged a scissorlift fell on him because Prestige and Route 17 Auto were "careless, reckless and negligent" in performing their duties. (*Id.* ¶ 41.) These facts make out a plausible claim that Prestige and Route 17 Auto acted negligently in light of their duties as property owners. But plaintiff must demonstrate more than mere negligence to warrant an award for punitive damages. N.J.S.A. 2:A:15-5.12; *DiGiovanni v. Pessel*, 55 N.J. 188, 190–91 (1970).

In his punitive damages claim, plaintiff alleges that defendants' acts or omissions were "actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." (*Id.* ¶ 127.) He further alleges that defendants "acted with wanton and willful disregard of plaintiff's safety by deliberate acts or omission with knowledge of a high degree of probability of harm to plaintiff and reckless indifference to the consequences of such acts or omissions." (*Id.*¶ 130.) When the Court applies the required legal analysis, the conclusion is inevitable that these allegations are "[t]hreadbare recitals of the elements of a cause of action" supported by mere legal conclusions. *Iqbal*, 556 U.S. at 678. While state of mind may be alleged generally, *see* Fed. R. Civ. P. 9(b), the complaint here is devoid of any alleged facts that would suggest Prestige or Route 17 Auto acted or failed to act maliciously or with willful and wanton disregard for plaintiff's safety, as a result of which conduct plaintiff suffered his injuries.

Further, it is apparent that the punitive damages claim is similarly deficient as to the other defendants. Plaintiff fails to differentiate between any of the eight named defendants, or explain how their actions or inactions could have been predicated on malice or a wanton disregard for plaintiff's safety. To prevail, the "complaint must do more than allege the plaintiff's entitlement to relief"; it must "'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211(citing *Phillips*, 515 F.3d at 234–35).

Plaintiff's punitive damages claim is therefore dismissed in its entirety and with prejudice. While the Court is mindful that dismissal with prejudice may be characterized as a "harsh remedy," *New York v. Hill,* 528 U.S. 110, 118 (2000), it is appropriate where amendment would be inequitable or futile, *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004). In this case, plaintiff has been granted leave to amend his pleadings numerous times—most recently in April

6

of this year, when discovery was well underway. The failure to include factual bases for the punitive damages claim against one or more of the defendants in the context of prior amendments and the availability of discovery readily supports this Court's finding of futility. *See Bryson v. Brand Insulations, Inc.,* 621 F.2d 556, 559 (3d Cir. 1980) (explaining that a "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action.").

## V.     Conclusion

The motion of defendants Prestige and Route 17 Auto to dismiss the punitive damages claim of the second amended complaint [D.E. 23] is granted. The seventh claim of the second amended complaint is dismissed with prejudice as to all defendants. An appropriate order will be entered.

August10th, 2012                                                                 /s/ Katharine S. Hayden
                                                                                              Katharine S. Hayden, U.S.D.J.